CLARENCE HAGADORN, Respondent, v. SOCONY-VACUUM OIL COMPANY, INC., Appellant.

MEMORANDUM BY THE COURT. This is an appeal by the defendant from a judgment of the Supreme Court, against the defendant and in plaintiff's favor, entered in Rensselaer County, June 20, 1947, upon a jury verdict at a Trial Term, and from orders denying its motion for nonsuit and to set the verdict aside and for a new trial.

The plaintiff, who was an infant, approximately thirteen years old, together with his uncle, who was sixteen years old, hitchhiked an automobile ride on a 1930 Ford coupe on August 4, 1937. The plaintiff stood on the right-hand running board of the automobile and hung on with his hands and arms. His uncle rode likewise on the left-hand side of the automobile. On the seat inside

the coupe sat the driver and a passenger. The Ford coupe on which they were riding was going in a northerly direction on a gravel road. As they proceeded northerly the plaintiff's vehicle met an approaching oil truck of the defendant at a place between guardrails located on each side of the road. To avoid the oil truck the plaintiff's driver steered the Ford coupe to the right and when it skidded it came so close to the east guardrail that the plaintiff's body collided with the southerly end or post of said guardrail and caused the injuries on which this action was based.

The defendant-appellant requested the court to charge the jury on the provisions of subdivision 3 of section 88 of the Vehicle and Traffic Law, which request the trial court declined to charge other than he had previously charged. At the time of the accident subdivision 3 of section 88 of the Vehicle and Traffic Law read as follows: ".3. No person shall ride upon the rear of any vehicle without the consent of the driver nor with any part of his body protruding, *nor shall any person hang on any street car or vehicle whatsoever.*" (Italics supplied.)

It was held in *Morris* v. *Town of Stafford* (242 App. Div. 809, affd. 266 N. Y. 597) that where a boy was riding on the running board of the right side of a touring car and was injured when the car collided with the east side of the bridge, that the facts did not establish a violation by the plaintiff of that part of the statute which provided that a person shall not "hang on any street car or vehicle whatsoever". The same construction was held in *Webb* v. *Miles* (249 App. Div. 688), on the authority of *Morris* v. *Town of Stafford* (266 N. Y. 597). Since the statute did not apply the question of plaintiff's contributory negligence was one of fact for the jury. The trial court was not in error in declining to charge the request as made.

The judgment and orders should be affirmed, with costs.

Judgment and orders affirmed, with costs.

BREWSTER, J. (dissenting). Plaintiff, when lacking four days of being thirteen-years old, was injured as a result of his riding by standing upon the right-hand running board of an automobile and "hanging on" to it. His act in so riding was a violation of subdivision 3 of section 88 of the Vehicle and Traffic Law. Under the evidence plaintiff's behavior which transgressed the statute did not vary the general duty it established. There were no circumstances to justify the disobedience which, unless it was excusable because of infancy, was negligence per se. (*Martin* v. *Herzog*, 228 N. Y. 164.) In submitting the question of plaintiff's contributory negligence, the court instructed the jury that it was to judge the plaintiff's conduct "by the standard applicable to a boy of his age at that time", and that he was to be "held to that standard of care so far as negligence is concerned; not [to that] of an adult, but of a twelve-year-old boy", and that he was "required to use that degree of care that a jury says a reasonably careful and prudent boy of twelve years of age would have exercised for his own protection." In response to appellant's request that the court "charge the jury on the provisions" of the aforesaid statute, the court said, "I decline to charge that other than I have heretofore charged", to which the appellant excepted. The evidence presented a question where the jury was permitted to find the plaintiff's disobedience of the statute negligent or not as it judged it by the standard which was given to it. To apply the pertinent evidence to that standard, the nature and quality of the act in question was the vital consideration. That it was one which the general consensus regarded as being fraught with danger as evidenced by the statute which forbade its commission, was, it seems to me, a matter which the defendant was entitled

to have made known to the jury in connection with its defense of plaintiff's contributory negligence. Indeed, I think it was essential to the enlightenment which the defendant was entitled to have disclosed to the jury in its decision of the close questions submitted to it. The only standard set forth in the main charge was a generalization which, although it implied "the thought of an unlimited series of particular instances", was so gross in definition that it tended to a blurring of its particular features. The conduct of the fictitious, prudent, comparable person would vary in accordance with degree of risk occasioned by the act. The greater the risk the less likely the act. That the act in question was so fraught with danger as to be prohibited by law in the interest of public safety, was a matter descriptive of its nature, the revealing of which could but have better enabled the jury to judge by the standard set for it. I consider the denial of the request prejudicial error. Upon this ground the judgment and order denying the motion to set aside the verdict and for a new trial should be reversed and a new trial granted. I concur in the affirmance of the other orders appealed from.

Heffernan, Foster and Russell, JJ., concur in memorandum by the court; Brewster, J., dissents in a memorandum; Hill, P. J., dissents.

Judgment and orders affirmed, with costs.